# EXHIBIT 3

Jeffrey R. Finley, Esq. (009683)
jrf@cimlaw.com
CHEIFETZ IANNITELLI MARCOLINI, P.C.
111 West Monroe Street, 17th Floor
Phoenix, Arizona 85003
(602) 952-6000

Attorneys for Plaintiff




JUL 17 2013
MICHAEL K. JEANES, CLERK
C. CARABAJAL
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JAMES C. BUTSCHEK,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION, a Delaware corporation; BLACK CORPORATIONS I-X; and WHITE PARTNERSHIPS I-X,<br><br>Defendants. | No. CV2013-009401<br><br>**COMPLAINT**<br><br>(Contract – employment, wages) |

Plaintiff, through counsel, hereby states as follows:

1. Plaintiff James C. Butschek ("Plaintiff") is a resident of Maricopa County, Arizona and was at all times relevant hereto.

2. Bank of America, National Association ("B of A"), is a foreign corporation, conducting a banking business within Maricopa County, Arizona and was so at all times relevant hereto.

3. Bank of America Corporation ("BA Corp.") is a Delaware corporation which conducts business in Arizona, or otherwise caused events to occur within the State of Arizona giving rise to the Plaintiff's cause of action.

4. BA Corp. owns and controls B of A.

5. Black Corporations I-X and White Partnerships I-X are named fictitiously because their true identifies are unknown. These defendants caused events to occur within the State of Arizona

giving rise to the Plaintiff's cause of action. Upon learning their true names this complaint shall be amended to so reflect those true names.

6. The amount sought by way of this Complaint exceeds the jurisdictional minimum limits of this Court.

7. Plaintiff was, from 2008 until October 1, 2012, an employee of B of A.

8. Prior to his employment with B of A, Plaintiff was an employee of Countrywide Financial ("Countrywide").

9. Plaintiff began his employment, pursuant to a contract with Countrywide, on or about August 7, 2006.

10. Countrywide, pursuant to that contract, provided Plaintiff with certain quarterly incentive payouts, which he received throughout his employment with Countrywide.

11. Countrywide was purchased by BA Corp. in 2008 and as a result, Plaintiff became an employee of B of A, as B of A became a successor to Countrywide.

12. Plaintiff continued to receive quarterly payouts, as set forth in his Countrywide contract of employment, while he was employed by B of A.

13. During the calendar year of 2011, Plaintiff earned quarterly payments for performance totaling $224,486.00.

14. Plaintiff's second quarter payment for 2012 amounted to $52,250.00.

15. Plaintiff left his employment with B of A after the end of the third quarter of 2012, on October 1, 2012.

16. B of A owed Plaintiff his quarterly incentive that had been fully earned for the third quarter, which payment was payable on November 30, 2012.

17. The payment due Plaintiff on November 30, 2012 was never received by Plaintiff despite multiple demands therefore.

18. Furthermore, Plaintiff, at the time of his termination of employment with B of A, was entitled to payment of vacation time in the amount of $10,000.00. Said vacation time was earned.

- 2 -

20. The failure to make these payments is a violation of A.R.S. § 23-353 which requires that an employee will be paid "in the usual manner all wages due him no later than the regular payday for the pay period in which the termination occurred."

21. As a result of the violation of A.R.S. § 23-353, both in regard to the quarterly payment due on November 30, 2012 and the vacation pay which was denied, Plaintiff is entitled to treble damages.

22. A.R.S. § 23-355 provides that a failure to comply with A.R.S. § 23-353 entitles Plaintiff to three (3) times the amount of wages or salary withheld.

23. Plaintiff's quarterly payment would have exceeded $50,000.00 on or about November 30, 2012. His lost vacation time is worth approximately $10,000.00. Therefore, total losses exceed $60,000.00 before trebling. After trebling, Plaintiff's damages exceed $180,000.00.

WHEREFORE, it is respectfully requested that this Court enter an Order as follows:

1. Awarding the Plaintiff his special damages in an amount of not less than $180,000; and
2. Awarding the Plaintiff his attorneys' fees and costs incurred in prosecuting this matter; and
3. Granting such other and further relief as this court may deem appropriate.

DATED this 17th day of July, 2013.

CHEIFETZ IANNITELLI MARCOLINI, P.C.

By_____
Jeffrey R. Finley
Attorneys for Plaintiff

N:\CLIENTS\Busachek\Bank of America 3588-3\Pleadings\Complaint.doc

- 3 -

Jeffrey R. Finley, Esq. (009683)
jrf@cimlaw.com
CHEIFETZ IANNITELLI MARCOLINI, P.C.
111 West Monroe Street, 17th Floor
Phoenix, Arizona 85003
(602) 952-6000

Attorneys for Plaintiff

JUL 17 2013
MICHAEL K. JEANES, CLERK
C. CARABAJAL
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JAMES C. BUTSCHEK,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION, a Delaware corporation; BLACK CORPORATIONS I-X; and WHITE PARTNERSHIPS I-X,<br><br>Defendants. | No. CV2013-009401<br><br>**CERTIFICATE ON COMPULSORY ARBITRATION** |

The undersigned certifies that he or she knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case is <u>not</u> subject to compulsory arbitration, as provided by Rules 72 through 77 of the <u>Arizona Rules of Civil Procedure</u>.

DATED this 17th day of July, 2013.

CHEIFETZ IANNITELLI MARCOLINI, P.C.

By_____
Jeffrey R. Finley
Attorneys for Plaintiff

N:\CLIENTS\Butschek\Bank of America 3588-3\Pleadings\Arb Cert 07 17 13.doc